UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN M. CASEY,

    Petitioner,

v.                      Case No:   2:14-cv-111-Ftm-29CM

MICHAEL D. CREWS,

    Respondent.
_____/

**ORDER OF DISMISSAL**

Brian M. Casey ("Petitioner") initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Florida (Doc. 1, filed January 13, 2014). Because Petitioner filed the action as a § 2254 petition and indicated that he challenged a state court judgment from the Twentieth Judicial Circuit Court in Lee County, Florida, the case was transferred to the Fort Myers division of the United States Court for the Middle District of Florida (Docs. 4, 5).

A district court may entertain an application for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Alston v. Dept. of Corr., 610 F.3d 1318, 1325 (11th Cir. 2010) ("[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or

length of their confinement."). "The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence. When an inmate challenges the 'circumstances of his confinement' but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (internal citations omitted). A claim unrelated to the cause of a petitioner's detention does not state a claim for habeas relief. Quince v. Crosby, 360 F.3d 1259, 1261 (11th Cir. 2004).

This Court has reviewed the petition and concludes that the claims raised therein are not properly raised in a § 28 U.S.C. § 2254 petition. Petitioner does not challenge the legality or duration of his conviction or sentence. Rather, Petitioner asserts that his conditions of confinement violate the First, Eighth, and Fourteenth Amendments to the United States Constitution (Doc. 1). Specifically, Petitioner states that prison officials have instructed other inmates to assault him, have destroyed his legal documents, have denied him protective custody, and have refused to provide him with medical treatment. Petitioner also asserts that the filing fee in Santa Rosa Circuit court is too high and is contrary to the Florida constitution (Doc. 1 at 6-25).

Because none of Petitioner's claims are properly brought in a 28 U.S.C. § 2254 action, his petition will be dismissed without

2

prejudice. However, Petitioner may raise his conditions of confinement claims in a properly filed 42 U.S.C. § 1983 complaint.

ACCORDINGLY, it is hereby **ORDERED:**

1. This case is **DISMISSED** without prejudice. Should Plaintiff wish to proceed with this case, he must do so by filing 42 U.S.C. § 1983 action along with the required $400.00 filing fee or a motion to proceed *in forma pauperis*.

2. The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case. This Clerk is also directed to provide Petitioner with a copy of the pre-printed civil rights complaint form.

**DONE** and **ORDERED** in Fort Myers, Florida on this __27th__ day of February, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 2/27/14
Copies to: Brian M. Casey
Encl: Civil Rights Complaint Form