UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN M. CASEY,

    Petitioner,

v.                                     Case No: 2:14-cv-111-FtM-29CM

MICHAEL D. CREWS and FLORIDA
ATTORNEY GENERAL,

    Respondents.

## ORDER

This matter comes before the Court upon review of Brian M. Casey's ("Petitioner's) request for a certificate of appealability (Doc. 12, filed March 18, 2014). For the reasons set forth in this Order, Petitioner's request is **DENIED**.

### I.  Background

Plaintiff filed a petition for writ of habeas corpus in the Northern District of Florida on January 13, 2014 (Doc. 1). Because Petitioner filed the action as a § 2254 petition and indicated that he challenged a state court judgment from the Twentieth Judicial Circuit Court in Lee County, Florida, the case was transferred to the Fort Myers Division of the Middle District of Florida on January 16, 2014 (Doc. 3; Doc. 4).

Upon review of the petition, this Court concluded that the claims raised therein were not properly raised in a § 28 U.S.C. § 2254 petition. Rather, Petitioner raised claims regarding the

conditions, rather than the legality, of his confinement, and his case was dismissed without prejudice so that Petitioner could raise his claims in a properly filed 42 U.S.C. § 1983 complaint (Doc. 8).

## II. Legal Analysis

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 537 U.S. at 335–36. Petitioner has not made the requisite showing in these circumstances.

Notably, Petitioner's claims were not denied on the merits, but were dismissed without prejudice as improperly filed in a § 2254 petition.  Petitioner was advised that the claims could be raised in a properly filed § 1983 complaint, and Petitioner was provided a copy of the proper civil rights complaint form (Doc. 8).  Moreover, subsequent to the petition's dismissal, Petitioner

filed a notice of voluntary dismissal of the petition (Doc. 10). Because no responsive pleading had been filed in this case, Petitioner's notice of voluntary dismissal had the effect of a dismissal without prejudice. See Fed. R. Civ. P. 41(a)(1)(A)(i).

Because Petitioner has not made a substantial showing that he was denied a constitutional right, he is not entitled to a certificate of appealability, and he is not entitled to appeal *in forma pauperis.*

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of March, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Brian M. Casey